IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CAMALLE STONE and TIMBERLY STONE, as the parents of GABRIEL STONE, a deceased minor, | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | No. 5:25-cv-00082-MTT |
| UNITED STATES OF AMERICA, UNITED STATES AIR FORCE, UNKNOWN OFFICIALS #1-X in their official capacities, and John Does 1-7, | * * * * * * | |
| Defendants. | * | |

**PLAINTIFFS' RESPONSE TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS**

**STATEMENT OF FACTS**

On July 23, 2024, a partition wall collapsed in the bath house of the Heritage Pool located on Robins Air Force Base in Houston County, Georgia. The collapsed wall fell on 14-year-old Gabriel Stone, which caused him to experience pain, suffering and ultimately resulted in his death. Gabriel's father, Camalle Stone, and his mother, Timberly Stone, filed suit against the United States and other parties, alleging claims of negligence under Georgia law. Plaintiffs brought their claims pursuant to the Federal Torts Claims Act, 28 U.S.C. § 1346 *et seq.*

On June 9, 2025, the United States filed a Motion to Dismiss ("the Motion"), which alleged that Plaintiffs' claims for "negligent inspection and maintenance" should be dismissed for lack of subject matter jurisdiction under the discretionary function exception to the Federal Torts Claims Act ("FTCA"). The United States also alleged that the Plaintiffs' survivorship action should fail for lack of standing. Finally, the Government alleged that claims against the United States Air Force ("USAF") and any unnamed USAF employees should be dismissed as improper parties. The Government re-filed the Motion on June 10, 2025, after properly identifying the exhibits that accompanied the Motion.

## **ARGUMENT AND CITATION TO AUTHORITY**

I. **STANDARD OF REVIEW FOR A MOTION TO DISMISS FOR LACK OF STANDING AND SUBJECT MATTER JURISDICTION UNDER RULE 12(b)(1)**

Plaintiffs recognize that motion to dismiss for lack of subject matter jurisdiction can be based upon either a facial or factual challenge to the Complaint. In a facial attack, the complainant's factual allegations are deemed true, and the court must determine whether those facts, as pled, sufficiently allege a basis of subject matter jurisdiction. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). In a factual attack, the movant is challenging the subject matter jurisdiction, which leaves the plaintiff with the burden of showing that subject matter jurisdiction exists. *Id*.

Although the Defendants have not articulated which type of attack they assert with this Motion, Plaintiffs contend that this is a facial attack. As such, the Court must accept as true the factual allegations contained in Plaintiffs' Complaint. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994); *Swierkiewiz v. Sorema N.A.*, 534 U.S. 506, 508 (2002); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 (1993); *Gardner v. Toilet Goods Ass'n*, 387 U.S. 167, 172 (1967). A plaintiff need only allege a plausible claim that falls outside the (FTCA) exception." *Douglas,* 814 F.3d at 1276.

In this case, the Plaintiffs allege that the United States had a non-discretionary, ministerial duty to repair and inspect the partition wall in question. This allegation clearly falls outside of the FTCA discretionary function exception. *See Douglas v. U.S.* F.3d 1268 (11th. Cir. 2016).

II. **THIS COURT HAS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFFS FTCA CLAIMS DO NOT FALL WITHIN THE DISCRETIONARY FUNCTION EXCEPTION**

The doctrine of sovereign immunity bars claims for money damages against the United States except in cases where the United States consents to be sued. *Salter v. United States*, 880 F. Supp 1524 (M.D. Ala., 1995) See also *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). The FTCA was enacted to allow for a limited waiver of the United States' sovereign immunity in matters involving torts committed by government employees while in

the scope of their employment. If the United States were a private person committing these torts, it would be liable to the Plaintiff. *See generally* 28 U.S.C. § 1346(b).

The FTCA provides a number of exceptions to the liability of the United States including the discretionary function exception. Under that exception, the United States cannot be held liable for, "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). *See generally, U.S. v. Gaubert*, 499 U.S. 315 (1991). These discretionary acts, which involve elements of judgment or choice, are exempt from liability under the FTCA. *See Berkovitz v. United States*, 486 U.S. 531 (1988).

The United States Supreme Court created a two-pronged test for courts to determine whether action or conduct falls under the discretionary function exception. Under this test, the court should look at the alleged tortious conduct and determine whether it "involves an element of judgment or choice. *See Gaubert* at 322. If the first prong is satisfied, the court must then determine whether the judgment is of the type the discretionary function exception was designed to exempt,

[4]

which are decisions that are susceptible to considerations of public policy. *Id* at 322-323.

The second prong of the test "is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" *Id* at 322, 111 S.Ct. at 1273 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S. Ct. 1954, 1958–59, 100 L.Ed.2d 531 (1988)); *See also, Swafford v. United States*, 839 F.3d 1365, 26 Fla. Weekly Fed. C 918 (11th 2016). *See Huges v. United States*, 110 F.3d 765, 768 (11th Cir. 1997).

While discretion may often arise for federal employees, every choice cannot be characterized as a policy judgment which would shield the government from liability under the discretionary function exception. *See Phillips v. United States*, 956 F.2d 1071 (11th Cir. 1992); *see also Gaubert* (Supreme Court discussing that the driving of a government-owned vehicle on public roads does not involve the types of policy judgments for which the exception was meant to apply)

Where there exists a mandatory responsibility, there is no room for policy choice. *Phillips*, 950 F.2d at 1071.

[5]

*A. Inspection and Repair of the Partition Wall is a Ministerial Duty that Falls Outside of the Discretionary Function Exception.*

In the present case, Plaintiffs allege that, among other things, the United States failed to properly inspect or repair the bath house partition wall that collapsed. Defendants contend that Plaintiffs did not assert that the inspection or maintenance at issue falls facially outside the discretionary function exception.

United States Exhibit G, provides instructions on inspection and maintenance of partition walls. Specifically, it states that "[w]hen interior construction components are not visible, as built drawings <u>should</u> be used to identify and quantify the interior construction components." See United States Exhibit G, pg. 4. (emphasis added). Notably the very next sentence reads that if the as-built drawings are not available, the assessor "may" use experience to make an assessment. It seems abundantly clear that in this instance, the word "should" indicated a directive, not a choice, as opposed to the word "may", which clearly allowed the assessor to exercise their discretion when the as-built drawings were not available. Contrary to the United States' assertion, the manual does not "recommend" that employees should look at the drawings and does not offer an alternative in lieu of use of the past building drawings. *See Gaubert* at 322; *Swafford v. United States*, 839 F. 3d 1365 (11th Cir., 2016).

Plaintiffs' Complaint alleges that the partition wall was constructed in violation of the applicable building code, which required horizontal and vertical supports. Plaintiffs intend to show, through discovery, that the required horizontal and vertical supports were not included in the designs for construction of the partition wall. Through discovery, Plaintiff's will prove through expert testimony that had Defendants exercised their ministerial duty to review the past building drawings, as required, the original structural code violations would have been recognized and repaired, thereby preventing the collapse of the wall and the death of Gabriel Stone. As part of the exhibits submitted by the United States in its Motion to Dismiss, there are no maintenance records that reflect or note that any Defendant employee ever complied with the ministerial directive to consult the building drawings during the inspection of non-visible components, like horizontal or vertical supports.

      i.    *Routine Inspection and Repair of the Partition Wall Does Not Implicate Policy Considerations*

Any argument that suggests policy analysis is at play in decisions about inspection and repair of a partition wall are simply misplaced. In its motion, the United States outlines several regulations and guidelines that supposedly support the policy making considerations in inspection and repair of the partition wall at issue. These programs and processes, however, have no direct relationship to inspection

and repair of structures within a facility. For example, the referenced Department of Air Force Pamphlet ("DAFPAM") 90-803 Risk Management Guidelines and Tools has no bearing on inspection and maintenance of a structure similar to the partition wall. Further, Air Force Policy Directive ("AFPD") 32-90 appears to largely deal with real property assets. It discusses "mission readiness", but it does not include any discernible connection between maintaining mission readiness and routine inspections of structures such as partition walls. *Def's Motion to Dismiss pg. 1-13*.

The allegations in the present case are materially similar to the facts of *Youngblood v. United States*, currently pending before this Court. As the Court is no doubt familiar, the Plaintiff in *Youngblood* alleged negligence by the United States in its failure to repair or maintain an uneven sidewalk. As a result, the Plaintiff tripped on the sidewalk, fell and sustained injuries. The United States, much like it has done here, contended that repair or maintenance is a discretionary function which shields the government from liability. This Court denied the Motion to Dismiss, holding that despite the regulations cited by the United States, the defendant did not "demonstrate as a matter of law that the VA lacked non-discretionary guidance for repairing the allegedly defective sidewalk." *Youngblood v. United States*, 2005 WL 97900 (slip copy)(April 1, 2025).

### III. PLAINTIFFS WILL SEEK LEAVE TO AMEND THE COMPLAINT TO PROPERLY ALLEGE THE SURVIVORSHIP CLAIM

[8]

Defendant United States has urged the Court to dismiss any survivorship claims due to lack of standing by the Plaintiffs to bring a survival action. On this issue, Plaintiffs will file a motion with the Court seeking to amend the Complaint to clarify any survivorship claim by the parents. The applicable statute of limitations for this claim does not expire until July 24, 2026.

## IV.  DEFENDANTS UNITED STATES AIR FORCE AND UNKNOWN OFFICIALS SHOULD REMAIN AS PARTIES TO THIS LITIGATION.

Plaintiffs acknowledge that the FTCA only authorizes claims against the United States. *See Trupei v. United States*, 304 Fed.Appx. 776, 782 (11th Cir. 2008). Plaintiffs will file a dismissal of the United States Air Force and "unknown employees". Plaintiffs contend however, that the John Doe defendants may be private persons or entities for whom the FTCA does not apply.

## CONCLUSION

The FTCA was never meant to cover ministerial duties such as routine inspection and maintenance such as the ones at issue in this case. The United States cannot show that such duties implicated policy considerations or otherwise fall into the category of discretionary functions. Plaintiffs respectfully urge this Court to

deny Defendant Unites States's Motion to Dismiss the claims of negligent inspection and negligent maintenance.

This 8th day of July, 2025.

**\*SIGNATURE PAGE FOLLOWS\***

Respectfully Submitted,

/s/ Shofaetiyah D. Watson
Shofaetiyah D. Watson
Georgia Bar No. 142027
Roderick E. Edmond
Georgia Bar No. 239618
Clark E. Edmond
Georgia Bar No. 712990

The Edmond Firm
344 Woodward Ave., SE
Atlanta, GA 30312
T:    (404) 525-1080
F:    (404) 525-1073
E:    swatson@edmondfirm.com
      Drror4u@edmondfirm.com
      cedmond@edmondfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2025 the attached was electronically filed with the clerk of court via the CM/UCF system will send notice to the following counsel of record:

Gessesse Teferi, Esq.
Brandon Capece, Esq.
United States Dept. of Justice
Civil Division-Torts Branch
P.O. Box 888
Washington, D.C. 20044-0888
gessesse.teferi@us.doj.gov
brandon.capece@us.doj.gov

This 8th day of July, 2025.

/s/ Shofaetiyah D. Watson
Shofaetiyah D. Watson
Georgia Bar No. 142027

[11]